UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

DWAYNE MINOTT

                Plaintiff,

                                                  Civil Action No:

-against-

THE CITY OF NEW YORK,
Police Officers Jane and John Does
Numbers 1-10.

                Defendants.
_____X

        NOW COMES the Plaintiff, **DWAYNE MINOTT,** by and through his attorney, **RONALD PAUL HART, P.C.,** as and for his complaint against the Defendants, and respectfully shows to this Court and allege as follows:

## PARTIES

    1)    That the Plaintiff, **DWAYNE MINOTT** (Hereinafter "Plaintiff"), is presently a resident of the City and State of New York.

    2)    At the time of the occurrence of the incident, Defendant **POLICE OFFICERS JOHN/AND/OR JANE DOE NUMBERS 1-10** were and still are residents of the City of New York.

    3)    Upon information and belief, that at all times, hereinafter mentioned, the Defendant, **THE CITY OF NEW YORK,** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State and City of New York.

    4)    Upon information and belief, that at all times, hereinafter mentioned, the Defendant, **THE CITY OF NEW YORK,** its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, and all police officers thereof, including defendant Police Officers **JOHN/JANE DOES 1-10.**

1

5) Upon information and belief, at all times hereinafter mentioned, and on or prior to October 1st, 2013, Defendants, Police Officers **JOHN/JANE DOES 1-10**, were employed by Defendant, **CITY OF NEW YORK**, as police officers/Detectives and acted in their capacity as police officers.

6) This action arises both under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, Section 1983,1981, 1988, 1985(3) et seq. and state law for malicious prosecution, abuse of process, negligent infliction of emotional distress, negligent hiring, training, and supervision of police officers, permitting unlawful police practices, and racial discrimination, to name a few of the causes of action.

7) This action also arises under and the rights under the constitution and laws of the State and City of New York.

8) Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, as individuals and in their official capacities as police officers under the color and pretense State law, the statuses, ordinances, regulations, customs and usages of the State of New York, the **CITY OF NEW YORK** and the County of new York, and under the authority of their office as police officers of said state, City and County.

9) The amount in controversy is **$75,000.00** exclusive interest.

## AS AND FOR FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## 42 USC Section 1983:

10) The Plaintiff, DWAYNE MINOTT, hereby incorporates by reference each and every preceding paragraph 1-9 of this Summons and Complaint as though fully pled and re-alleged in their entirety below.

11) That on or about April 5th, 2011, Plaintiff, **DWAYNE MINOTT** (Hereinafter "Plaintiff"), was falsely accused under Bronx Criminal Docket#: 2011BX019720 of stalking his landlord with a weapon.

12) These criminal complaints/charges were completely false as the landlord improperly used the criminal process numerous times to evict Plaintiff from his auto body shop.

13) The landlord also told the police that Plaintiff trespassed in his own auto body shop. The police investigation never revealed a weapon and the Bronx Criminal Court gave the Police Department sufficient time to produce video footage; never the less, proof of a weapon was never produced.

14) When Plaintiff was arrested, no weapon was found on his person.

15) Worse yet, the NYPD routinely harassed Plaintiff at the behest of his landlord because he is Jamaican.

16) The Police knew or in the exercise of due care should have known that the landlord's complaints were false, including the instant one because it could not be documented and followed the same familiar pattern of trying to evict tenant.

17) However, the NYPD after coming to the location so many times on bogus calls by the same landlord knew or should have known the charges were completely false.

18) The Defendant, City of New York, was also negligent by allowing its police officers to in effect wrongfully evict Plaintiff without a warrant and arrest him on what were obviously baseless charges given the lack of any corresponding proof.

19) The Defendant, City of New York, though its agents and employees knew or had reason to know that the aforementioned John and Jane Does Police Officers were unfit to be police officers and failed to investigate their background and failed to properly train him.

20) All charges against Plaintiff were dismissed on July 3rd, 2013.

21) The Defendant, City of New York, allowed the NYPD and its Police officers to falsely arrest minority business owners on baseless eviction claims, without properly investigating the validity of those claims.

22) Consequently, the Defendant, their agents, servants and employees failed to stop the above illegal conduct of police officers acting under color of state law from falsely arresting innocent black males on bogus eviction grounds when there was no such evidence to support same.

23) Plaintiff was therefore needlessly maliciously prosecuted even though he was innocent of the charges.

24) That on July 3, 2013, the criminal charges against Mr. Minott were dismissed by the Honorable Linda Poust Lopez of the Bronx Criminal Court by a Decision and Order.

25) That Plaintiff's damages flow from the conduct of the City condoning the above illegal pattern of falsely arresting males even though a cursory review of the facts readily revealed that the matter was a commercial landlord tenant matter.

26) That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was

rendered sick, sore, lame and so remains by the actions of the Defendants, their agents, servants and employees.

### AS AND FOR AN SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF DWAYNE MINOTT CIVIL RIGHTS ACTION 42 USC §§ 1985(3):

27) The Plaintiff, **DWAYNE MINOTT,** hereby incorporates by reference each and every preceding paragraph 1-26 of this Summons and Complaint as though fully plead and re-alleged in their entirety below.

28) That on or about April 5th, 2011, Plaintiff, **DWAYNE MINOTT** (Hereinafter "Plaintiff"), was falsely accused under Bronx Criminal Docket#: 2011BX019720 of stalking his landlord with a weapon.

29) These criminal complaints/charges were completely false as the landlord improperly used the City of New York and its Police Officers to effect criminal process in a civil numerous times against Plaintiff to evict him from his auto body shop.

30) The above matter was merely a commercial dispute between the landlord and his tenant.

31) The landlord also told the police that Plaintiff trespassed in his own auto body shop. Under these circumstances the police investigation never discovered a weapon and the Police Department had sufficient time to produce video footage of the alleged trespass.

32) Worse yet, the NYPD conspired to routinely harassed Plaintiff at the behest of his landlord because he is Jamaican.

33) The Police knew that the landlord's complaints were false, including the instant one because upon their arrival, they knew or should have known that the dispute involved a commercial landlord trying to evict his commercial tenant by improper means.

34) Indeed, the NYPD came to this same location so many times on bogus calls by the same landlord that they knew or should have known the calls were false.

35) However, despite the fact that the above calls involved a commercial eviction matter, Defendant, John and Jane Does 1-10 most of whom were white falsely arrested Plaintiff, who was a black Jamaican man.

36) Upon information and belief, the City of New York and its employees do not treat white commercial tenants with the racial animus and bias it so openly displays towards its minority citizens.

37) The conduct of the white police officers of conducting unauthorized arrests of black males is widely tolerated by the City of New York and supervisory staff of the NYPD.

38) By person of the misconduct of the City of New York and its employees, Plaintiff has suffered monetary and emotional damages.

### AS AND FOR THE THIRD CAUSE OF ACTION ON BEHALF OF DWAYNE MINOTT FOR RACIAL DISCRIMINATION PURUSANT TO 42 USC SECTION 1981:

39) The Plaintiff, **DWAYNE MINOTT**, hereby incorporates by reference each and every preceding paragraph 1-38 of this Complaint as though fully plead and re-alleged in their entirety below.

40) That the above conduct of the City of New York, its white police officers in discriminating against people of color by arresting black commercial tenants when the police receive phone calls from white landlords violates the civil rights of people of color.

6

41) That on or about April 5th, 2011, Plaintiff, **DWAYNE MINOTT** (Hereinafter "Plaintiff"), was falsely accused under Bronx Criminal Docket#: 2011BX019720 of stalking his landlord with a weapon.

42) These criminal complaints/charges were completely false as the landlord improperly used the criminal process numerous times to evict Plaintiff from his auto body shop.

43) The landlord also told the police that Plaintiff trespassed in his own auto body shop. The police investigation never revealed a weapon and the Bronx Criminal Court gave the Police Department and District Attorney sufficient time to produce video footage; never-the-less, proof of a weapon was never produced.

44) The Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested by white Police officers who conspired to falsely arrest and imprison him which actions deprived him of his Constitutional rights as set forth in the Constitution of the United States, particularly 42 USC §§ 1985(3) and the Constitution of the State of new York.

45) That at all times hereinafter mentioned, the Defendants Police Officers **JOHN/JANE DOES 1-10**, each of them, separately and in concert conspired for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws in that said Defendants did engage in the illegal conduct hereinbefore described and thus did deprive the Plaintiff of the equal protection of the laws, or of equal privileges and immunities secured to Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the Laws of the United States. The unlawful and illegal conduct of the Defendants deprived the Plaintiff of

7

the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

a. The right of the Plaintiff to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States

b. the right of the Plaintiff to be informed of the nature and cause of the accusation against him so secured to them under the sixth and fourteenth amendments of the Constitution of the United States; and,

c. the right of the Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States.

46) That by reason of the aforesaid violations, conspiracy and false arrest, and false imprisonment, and battery and otherwise discriminatory treatment in violation of both the United States and New York State Constitutions, the Defendants conspired together to enter into a nefarious scheme to wrongfully deprive the Plaintiff and compelled him to abandon his rights and privileges as provided to him in the Constitutional rights as set forth in the Constitution of the State of New York, and laws thereto, the Defendants, violated 42 U.S.C. §§ 1981, 1983, 1985 (3) in that the Defendants acted as persons who under color of any statute, ordinance, regulation, custom or usage of the **CITY OF NEW YORK**, subjected or caused to be subjected, a citizen of the Unite States or other person within the jurisdiction, particularly the Plaintiff thereof to be deprived of his rights, privileges or immunities received by Constitution of the United States of America, and provided them by the Constitution of the State of New York; were subjected to Great indignities and humiliation,

8

and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the Plaintiff.

47) That by reason of the aforesaid violations, to wit the false arrest, false imprisonment caused by the Defendants, who wrongfully deprived the Plaintiff and compel his abandon his rights and privileges as provided to his in the Constitution of the United States of America, and in the Constitution of the United States of America, and in the Constitution of the State of New York, and laws thereto, the Defendants, acting within the scope of their authority and without any probable cause, caused the Plaintiff great harm because of the aforesaid illegal conduct.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### ON BEHALF OF DWAYNE MINOTT
### FOR ATTORNEY FEES PURUSANT TO 42 USC SECTION 1988:

48) The Plaintiff, **DWAYNE MINOTT,** hereby incorporates by reference Each and every preceding paragraph 1-46 of this Summons and Complaint as though fully plead and re-alleged in their entirety below.

49) That should Plaintiff be successful in his claim against the police for the wrongful occurrences that occurred on April 5th, 2011, Plaintiff DWAYNE MINOTT ("Hereinafter the plaintiff"), will seek attorney fees for same.

50) **WHEREFORE** by reason of the aforesaid violations, the Plaintiff requests the Following relief:

    a. Compensatory damages in the sum, which exceeds the jurisdictional limits of all lower courts for all causes of action.

9

b. Punitive damages in the sum, which exceeds the jurisdictional limits of all lower courts as against the individually named Defendants.

c. An award of reasonable attorney's feed, costs and disbursements;

d. Plaintiff requests a trial by jury of all issues involved in this complaint;

e. Such other and further relief as this Court may deem just, meet and proper under the circumstances.

Dated: New York, NY 10007
November 4, 2014

*Ronald Paul Hart*
Ronald Paul Hart, Esq.
225 Broadway, Suite 2515
New York, NY 10007
Tel: (212) 766-1443
Fax: (212) 766-0943
Email: ronaldphartesq@gmail.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DWAYNE MINOTT

                Plaintiff,

                                        Civil Action No:

-against-

THE CITY OF NEW YORK,
Police Officers Jane and John Does
Numbers 1-10

                Defendants.

---

**RONALD PAUL HART, ESQ.**
Attorney(s) for the PLAINTIFF
225 Broadway Suite 2515
New York, New York 10007
Tel. (212)766-1443

To: ALL COUNSEL
Attorney(s) for
THE DEFENDANTS:

Service of a copy of the within SUMMONS AND COMPLAINT

                                Ronald Paul Hart

                                Attorney(s) for THE PLAINITFFS

<u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of a
duly entered order in the office of the clerk of the within named court on

<u>NOTICE OF SETTLEMENT</u>
that an order for of which the within is a true copy will be presented for settlement to the
HON. one of the justices of the within named Court at the within is a (certified) true copy of
a duly entered

11